# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRADELL M. DIXON,<br><br>       Plaintiff,<br><br>    vs.<br><br>C. TRIESCH, et al.,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

1:12cv01449 LJO DLB PC

FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS

THIRTY DAY OBJECTION DEADLINE

Plaintiff Tradell M. Dixon, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on August 27, 2012.[1]  He names Kern Valley State Prison R.N. C. Triesch, Chief Medical Officer Doe, Warden Harrington and CDCR Director Matthew Cate as Defendants.

## A.    LEGAL STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

---

[1] According to a change of address filed on November 28, 2012, it appears that Plaintiff is no longer incarcerated.

§ 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Id. at 1949.  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**B.**   **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

On July 7, 2010, at approximately 10:45 a.m., Plaintiff was admitted to KVSP Facility B Medical after he was assaulted.  Plaintiff was soaked with pepper spray and had deep cuts on his left hand, lower back and both knees, and had two black eyes.  He alleges that he was forced to stand naked in a holding cell from 10:45 a.m. to 1:00 p.m., in front of numerous inmates, female medical staff and correctional staff members.  The pepper spray was burning his open wounds and genitals.  Staff members laughed at his suffering and provided no medical treatment.

2

At around 1:15 p.m., a full scale riot broke out involving at least 100 inmates.  At about 1:30 p.m., Plaintiff was informed that staff needed room in Medical and that they would have to get Plaintiff out.  Defendant Triesch then "hastily" cleared Plaintiff to be sent back to the yard, without medical treatment.  Plaintiff received a pair of ill-fitting boxer shorts and was cuffed and escorted, bare-footed, over 200 yards on 96 degree pavement.

On July 8, 2010, Plaintiff asked the Building Officer for medical treatment.  Medical treatment was denied because Plaintiff was not supposed to be housed in Facility B and because staff were busy because of the riot.

On July 9, 2010, Plaintiff asked a Correctional Officer for a Medical Form and medical treatment.  Plaintiff's wounds were open and leaking, and getting infected.  Plaintiff never received the form.

On July 10, 2010, Plaintiff was moved to Facility A and told the Correctional Officer that he needed to be taken to Medical for wound treatment.  The Correctional Officer told Plaintiff that he would get him a Medical Form to fill out, but he never did.  Plaintiff's cell mate had to obtain the form because Plaintiff was on orientation status and wasn't cleared to leave his cell.  Plaintiff filled out the Medical Form and sent it in.

On July 12, 2010, Plaintiff's Medical Form was received by Facility A's medical team and processed.

On July 13, 2010, around 12:30 p.m., Plaintiff received his first medical treatment from R. N. Edwards.  Plaintiff was given pain medication and sent back to his housing unit with instructions to return on July 16, 2010, for follow-up.

Based on these facts, Plaintiff alleges deliberate indifference to a serious medical need in violation of the Eighth Amendment.  Plaintiff further alleges that Defendant Doe CMO is responsible for making sure that Plaintiff received immediate medical attention and training staff.  Plaintiff alleges that Defendant Harrington contributed to the state of inmate overcrowding

and therefore failed to provide a facility that could provide adequate health care.  Plaintiff contends that Defendant Cate has "overwhelming proven knowledge" of the medical problems within CDCR and knew that overcrowding was causing the issues.  Plaintiff alleges that all Defendants acted in concert with one another to guarantee that Plaintiff would fall victim to "CDC&R's Medical Neglection System."  Compl. 8.

C.   **ANALYSIS**

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted).  To maintain an Eighth Amendment claim, inmates must show deliberate indifference to a substantial risk of harm to their health or safety.  E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

For claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).

Here, Plaintiff has stated a claim for deliberate indifference to a serious medical need against Defendant Triesch.   Plaintiff will be instructed on service by separate order.

Plaintiff fails to state a claim, however, against the remaining Defendants.  Defendants Doe CMO, Harrington and Cate are in supervisory roles.   Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, Iqbal, 556 U.S. at 676-77, 129

S.Ct. at 1948-49; <u>Simmons</u>, 609 F.3d at 1020-21; <u>Ewing</u>, 588 F.3d at 1235; <u>Jones</u>, 297 F.3d at 934, and as administrators, these Defendants may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989); <u>accord</u> <u>Starr v. Baca</u>, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012); <u>Corales v. Bennett</u>, 567 F.3d 554, 570 (9th Cir. 2009); <u>Preschooler II v. Clark County School Board of Trustee</u>s, 479 F.3d 1175, 1182 (9th Cir. 2007); <u>Harris v. Roderick</u>, 126 F.3d 1189, 1204 (9th Cir. 1997). Some culpable action or inaction must be attributable to Defendants and while the creation or enforcement of, or acquiescence in, an unconstitutional policy, may support a claim, the policy must have been the moving force behind the violation. <u>Starr</u>, 652 F.3d at 1205; <u>Jeffers v. Gomez</u>, 267 F.3d 895, 914-15 (9th Cir. 2001); <u>Redman v. County of San Diego</u>, 942 F.2d 1435, 1446-47 (9th Cir. 1991); <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989).

Plaintiff attempts to establish liability against Defendants Doe CMO, Harrington and Cate based on their knowledge of the overcrowded prison system, which Plaintiff contends led to the failure of CDCR's health care system. He uses this knowledge to try and establish a direct link between their actions or inactions, and Plaintiff's medical treatment. Any such link is tenuous, however, and Plaintiff has not demonstrated that these Defendants participated in, directed, or knew of Plaintiff's medical claims and failed to prevent them. In other words, although it may be true that these supervisory Defendants were aware of an issue with CDCR medical treatment, liability in this instance must be based on personal participation in *Plaintiff's* alleged deprivations.

## D.    **FINDINGS AND RECOMMENDATIONS**

The Court finds that Plaintiff's complaint states cognizable claims against Defendant Triesch for violation of the Eighth Amendment based on her deliberate indifference to a serious medical need. It does not, however, state an Eighth Amendment claim against Defendants Doe

CMO, Harrington or Cate.  This deficiency cannot be cured. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  As explained above, Plaintiff will be instructed on service in a separate order.

Accordingly, it is HEREBY RECOMMENDED that Defendants Doe CMO, Harrington and Cate be DISMISSED WITHOUT LEAVE TO AMEND for failure to state a claim against them under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 10, 2013**                          /s/ *Dennis L. Beck*
                                                              UNITED STATES MAGISTRATE JUDGE