UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRADELL M. DIXON,<br><br>        Plaintiff,<br><br>    v.<br><br>C. TRIESCH,<br><br>        Defendant. | Case No.: 1:12cv01449 LJO DLB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT'S MOTION TO DISMISS<br><br>(Document 21) |

Plaintiff Tradell M. Dixon ("Plaintiff"), a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on August 27, 2012. The action is proceeding against Defendant C. Triesch for deliberate indifference to a serious medical need in violation of the Eighth Amendment. All other claims and Defendants have been dismissed.

On September 17, 2013, Defendant filed an unenumerated Rule 12(b) Motion to Dismiss based on exhaustion. Plaintiff filed his opposition on October 11, 2013, and Defendant filed her reply on October 18, 2013. The motion is deemed submitted pursuant to Local Rule 230(l).

**A.**     <u>**LEGAL STANDARD**</u>

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative

1

remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002). An administrative grievance must alert the prison to the nature of the wrong for which redress is sought. Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009).

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which the defendants have the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust is subject to an unenumerated Rule 12(b) motion, and in resolving the motion, the Court may look beyond the pleadings and decide disputed issues of fact. Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Morton v. Hall, 599 F.3d 942, 945 (9th Cir. 2010); Wyatt, 315 F.3d at 1119-20. If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice. Jones, 549 U.S. at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

**B.   APPEALS PROCESS**

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoners to appeal any departmental decision, action, condition, or policy having an adverse effect on prisoners' welfare. Cal. Code Regs. tit. 15, § 3084.1. During the relevant times, a prisoner must proceed through an initial informal level and three formal levels of review, culminating in a third-level decision. Cal. Code Regs. tit. 15, § 3084.5. In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85-86, 126 S.Ct. 2378 (2006); McKinney, 311 F.3d at 1199-1201.

**C.   PLAINTIFF'S ALLEGATIONS[1]**

On July 7, 2010, at approximately 10:45 a.m., Plaintiff was admitted to KVSP Facility B Medical after he was assaulted. Plaintiff was soaked with pepper spray and had deep cuts on his left

---

[1] Only the allegations against Defendant Triesch remain relevant to this action.

hand, lower back and both knees, and had two black eyes. He alleges that he was forced to stand naked in a holding cell from 10:45 a.m. to 1:00 p.m., in front of numerous inmates, female medical staff and correctional staff members. The pepper spray was burning his open wounds and genitals. Staff members laughed at his suffering and provided no medical treatment.

At around 1:15 p.m., a full scale riot broke out involving at least 100 inmates. At about 1:30 p.m., Plaintiff was informed that staff needed room in Medical and that they would have to get Plaintiff out. Defendant Triesch then "hastily" cleared Plaintiff to be sent back to the yard, without medical treatment. Plaintiff received a pair of ill-fitting boxer shorts and was cuffed and escorted, bare-footed, over 200 yards on 96 degree pavement.

**D.     DISCUSSION**

Defendant's motion is based on her contention that although Plaintiff filed three exhausted grievances between the date of the incident and the filing of this action, these grievances did not relate to her medical care rendered on July 7, 2010. Seaman Decl. ¶ 6; Lozano Decl. ¶ 6; Zamora Decl. ¶ 5; Farquhar Decl. ¶ 5.

Plaintiff does not dispute this fact. Rather, he argues that (1) the appeals process was not available to him; and (2) the exhaustion requirement does not apply to him because he is a former prisoner.

1.     Whether Administrative Remedies Were Available to Plaintiff

The failure to exhaust may be excused where the administrative remedies are rendered "unavailable," but Plaintiff bears the burden of demonstrating that the grievance process was unavailable to him through no fault of his own. Sapp v. Kimbrell, 623 F.3d 813, 822-23 (9th Cir. 2010); Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010); Brown v. Valoff, 422 F.3d 926, 939-40 (9th Cir. 2005).

Plaintiff argues that pursuant to applicable regulations, he was permitted to file only one appeal every fourteen calendar days. Cal. Code Regs. tit. 15, § 3084.4(a). In support of his argument, Plaintiff states that he filed an appeal related to the underlying incident on August 10, 2010, and that by operation of law, he was precluded from filing another appeal for fourteen days. Plaintiff

3

1 concludes, "[b]ecause the 10 day filing requirement fell within the 14 day prohibition of filing appeals;
2 there was no available administrative exhaustion remedy relating to this defendant." Opp. 6.

3 Plaintiff's argument is without merit. The incident at issue occurred on July 7, 2010. Under
4 regulations applicable at the time, Plaintiff had fifteen days from the date of the incident within which
5 to file his administrative grievance. However, he did not file *any* appeals during the fourteen day time
6 period. The Court notes that although Plaintiff states that he filed an appeal on August 10, 2010, the
7 declarations submitted in support of Defendant's motion demonstrate that he did not file any appeal
8 until August 25, 2010. Farquhar Decl. ¶ 5, Ex. B.

9 This is a distinction without a difference, however, because the fact remains that the incident at
10 issue occurred on July 7, 2010, and Plaintiff did not file an appeal within the requisite time frame. His
11 argument contending that the time period for filing expired during the pendency of another appeal is
12 simply incorrect.

13     2.    <u>Applicability of PLRA to Plaintiff</u>

14 Individuals who are prisoners at the time they file suit must comply with the exhaustion
15 requirements of 42 U.S.C. § 1997e(a). <u>Talamantes v. Leyva</u>, 575 F.3d 1021, 1024 (9th Cir. 2009).

16 Plaintiff is correct that an individual who files an action, and who is not a "prisoner" as defined
17 by 42 U.S.C. § 1997e(h) at the time the action is filed, is not governed by the requirements of the
18 PLRA. Indeed, the case law that Plaintiff cites in support of his argument sets forth this principle.

19 Plaintiff fails to acknowledge, however, *that he was a prisoner at the time he filed this action.*
20 According to his complaint, filed on August 27, 2012, Plaintiff was incarcerated at High Desert State
21 Prison in Susanville, California. He states that he "is a prisoner serving a twelve (12) year sentence in
22 the custody and care of" CDCR. Compl. 3. The verification indicates that Plaintiff signed the
23 complaint, under penalty of perjury, in Susanville, California. The proof of service also indicates that
24 the complaint was mailed from High Desert State Prison.

25 Plaintiff filed his notice of change of address on November 28, 2012. According to the notice,
26 Plaintiff's address changed from High Desert State Prison to an address in Los Angeles. However,
27 even at the time he signed the notice, November 25, 2012, Plaintiff used his address at High Desert
28 State Prison and his CDCR inmate number in the upper left hand corner of the pleading. The attached

4

proof of service states that at the time of service, Plaintiff was incarcerated at High Desert State Prison and mailed the notice by handing it to institutional staff for mailing. Therefore, at least until November 25, 2012, Plaintiff was still incarcerated.

Plaintiff's argument is therefore without merit. Although he was eventually released, he was a prisoner at the time the complaint was filed and was subject to the exhaustion requirements.

### E. CONCLUSION AND RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendant's Motion to Dismiss, filed September 17, 2013, be GRANTED; and

2. This action be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to exhaust.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within **fourteen (14) days** after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 17, 2013**               /s/ Dennis L. Beck
                                           UNITED STATES MAGISTRATE JUDGE

5